# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Clayton T. Jones, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>Ronaldo Myers, )<br>)<br>Respondent. )<br>)<br>) | | C/A No.: 6:21-cv-1912-TMC<br><br><br><br>**ORDER** |

Petitioner Clayton T. Jones, a state pre-trial detainee proceeding *pro se*, filed this "petition for Habeas" relief seeking release from state custody on his still-pending criminal charges on the grounds that the State lacked probable cause to arrest him and that his right to a speedy trial has been violated. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this case was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice and without requiring the respondent to file a return. (ECF No. 16 at 6). Petitioner filed objections to the Report, (ECF No. 18), and this matter is now ripe for review.

## I. Background

Plaintiff was arrested on August 5, 2019, pursuant to a warrant, and subsequently charged in the Richland County Court of General Sessions with third degree criminal sexual conduct with a minor in violation of S.C. Code Ann. § 16-3-655(c). *State of South Carolina v. Clayton Thomas Jones*, Case No. 2019A4021602389, Richland County Public Index, https://publicindex.sccourts.org/Richland/PublicIndex/PISearch.aspx (search by name for

1

"Clayton Jones") (last visited Jan. 31, 2022).[1]  As of the date of this Order, Petitioner's criminal charges are still pending in state court. *See id.*

As noted in the Report, this action constitutes Petitioner's third attempt, at least, to have the federal courts interfere with his ongoing criminal proceedings in state court. (ECF No. 16 at 2); *Jones v. Odom*, No. 3:19-cv-03326-TMC, 2020 WL 1445747, at *1 (D.S.C. Mar. 25, 2020), *aff'd*, 813 F. App'x 903 (4th Cir. 2020); *Jones v. South Carolina*, No. 3:20-CV-2132-TMC, 2021 WL 211471, at *3 (D.S.C. Jan. 21, 2021), *appeal filed*, No. 21-6179 (4th Cir. Feb. 3, 2021); *see also Clayton T. Jones v. Jeanette W. McBride*, No. 3:20-cv-4063, Dkt. No. 23 at 7 n.31 (D.S.C. Feb. 2 , 2021).  Observing first that this action is essentially an "attempt[] to circumvent" the court's rulings in the previous cases, (ECF No. 16 at 2), the magistrate judge nonetheless considered the instant petition as if it were not duplicative and recommended dismissal on three grounds.  First, the magistrate judge found that Petitioner failed to comply with two proper form orders issued by the court, (ECF Nos. 4; 9), and concluded, therefore, that dismissal is warranted under Rule 41(b) of the Federal Rules of Civil Procedure.  (ECF No. 16 at 3–4).  Second, the magistrate judge concluded that abstention is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), finding that Petitioner had not shown extraordinary circumstances that would justify the court's interference with Petitioner's ongoing state proceedings. *Id.* at 5.  Third, the magistrate judge concluded that Petitioner, as a pretrial detainee, is not in "custody pursuant to the judgment of a State court" for purposes of 28 U.S.C. § 2254 and that, therefore, relief is not available

---

[1] The court may take judicial notice of the state court and public records related to Petitioner's state criminal proceedings. *See Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (noting a court "may properly take judicial notice of matters of public record" when considering dismissal of an action); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'" (internal alterations and citations omitted)).

pursuant to § 2254. *Id*. at 5–6. As the magistrate judge further explained, "[a] pretrial detainee's exclusive federal remedy for alleged unconstitutional confinement is to file a petition for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), *but only after fully exhausting the available state court remedies*." *Id*. at 6 (citing *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995)) (emphasis in original).

## II.  Legal Standard

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review de novo those portions of the report to which specific objections have been made, and need not conduct de novo review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note).  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp*., 103

F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Since Petitioner filed his petition *pro se*, this court is charged with construing the petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

Petitioner filed objections to the Report, raising various challenges to the analysis and recommendations of the magistrate judge. (ECF No.18). Petitioner first objects to the magistrate judge's construction of his petition as one filed pursuant to § 2254 rather than § 2241. (ECF No. 18). Although the original habeas petition did not specify that he was seeking relief under § 2241, (ECF No. 1), Petitioner points out that, in response to one of the proper form orders, he expressly rejected the classification of his claim as a § 2254 claim, (ECF Nos. 7-2 at 1; 18 at 1). Assuming this is so, Petitioner fails to show that he has exhausted state court remedies for purposes of pursuing relief under § 2241(c)(3).

Most importantly, however, this court is obliged by *Younger* to abstain from granting Petitioner the relief he seeks. *Younger* abstention is appropriate when "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Emp'rs. Res. Mgmt. Co. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). The court agrees with the magistrate judge that all three criteria are met in this instance. (ECF No. 16 at 5). Petitioner, however, notes a few

objections to the magistrate judge's conclusion. (ECF No. 18 at 5–6). Petitioner contends that he has not had an adequate opportunity to raise his speedy trial and probable cause claims because the state court has "refused" to schedule or hear his motions challenging the lawfulness of his detention. *Id*. at 6. This objection reflects a misunderstanding of *Younger* and the court rejects it. "Federal courts should assume state court procedures will adequately protect federal claims in the '*absence of unambiguous authority to the contrary*.'" *Victoria v. Bodiford*, No. 8:21-cv-01836-JMC, 2021 WL 3726707, at *2 (D.S.C. Aug. 20, 2021) (quoting *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 15 (1987)) (emphasis added). The question is "whether the state procedures allow the federal issues to be presented." *Id*. "[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims." *Moore v. Sims*, 442 U.S. 415, 425–26 (1979). Just because Petitioner's motions have been pending for a period of time—and he has experienced frustration because of it—does not mean Petitioner has no adequate opportunity to present his claims to the state court. Petitioner presents no evidence that South Carolina law deprives him of the opportunity to raise his constitutional arguments within the state court proceedings and appeal any adverse determinations within the state court system. Accordingly, the court agrees with the magistrate judge that abstention under *Younger* is appropriate here.

Petitioner also seems to argue that the *Younger* doctrine does not apply because his petition asking a federal court to order state officials to release him from pre-trial custody does not interfere with ongoing state criminal proceedings. (ECF No. 18 at 5). As the court understands it, Petitioner wants to be released from incarceration only, not prosecution, and believes such an order would therefore not interfere with the proceedings against him. *Id*. But Petitioner claims he is being detained unlawfully because of, among other reasons, "lack of probable cause" which obviously goes to the merits of the criminal charges against him. Clearly Petitioner's claims would require

5

this court to pass on the validity of the underlying charges and, therefore, meddle in ongoing state criminal proceedings.[2] Abstention is required.

To the extent Petitioner seeks to challenge the Report on that basis that he has named the magistrate judge as a defendant in a lawsuit, the court overrules the objection as frivolous. Petitioner has provided no evidence he filed such an action, and the court independently has found no indication of any such action. Petitioner, the court notes, did not move for the magistrate judge to be recused. But even assuming Petitioner sued the magistrate judge, a party's lawsuit or judicial complaint against a judge does not, without more, disqualify the judge from handling the party's other lawsuits. *See, e.g.*, *United States v. Watford*, 692 Fed. App'x 108, 110 n.1 (4th Cir. 2017); *United States v. Gallo*, 898 F.2d 148 (4th Cir. 1990) (unpublished) ("Although [the defendant] states that he is in the process of filing suit against Judge Kidd, this fact also does not require Judge Kidd's recusal."); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1355–56 (3d Cir. 1990) (concluding recusal not required after litigant filed a judicial complaint against presiding judge); *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) ("A judge is not disqualified merely because a litigant sues or threatens to sue him."). There "'is no rule that requires a judge to recuse himself from a case, civil or criminal, simply because he was or is involved in litigation with one of the parties' because 'a per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge.'" *Watford*, 692 Fed. App'x at 110 n.1 (quoting *In re*

---

[2] Petitioner cites *State v. Campbell*, 288 S.E.2d 395 (S.C. 1982), in support of his claim that the court can order his release from incarceration without interfering with the associated pending criminal proceedings. (ECF No. 18 at 5). In *Campbell*, the South Carolina Supreme Court considered the relief available under S.C. Code Ann. § 17–23–90 which "provides for *discharge* from imprisonment when a person is committed for a felony, demands to be brought to trial, and is not indicted or tried by the second term following his commitment." *Id*. at 395 (emphasis added). The Supreme Court held that the phrase "discharge" simply "indicates the prisoner should be released without bail, not discharged from further prosecution." *Id*. This case raises a question of state statutory interpretation and is wholly irrelevant to whether this court is being asked in the instant case to interfere with state criminal proceedings.

*Taylor*, 417 F.3d 649, 652 (7th Cir. 2005)); *see also United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) (explaining litigants "cannot be allowed to create the basis for recusal by their own deliberate actions" as "[t]o hold otherwise would encourage inappropriate 'judge shopping'"). Petitioner has provided no basis to impute bias to the magistrate judge or to suggest a conflict of interest undermined the analysis in the Report, and the court finds none. Furthermore, the court has conducted its own independent and close review of the record and the materials presented by the parties and concluded that the *Younger* doctrine unquestionably requires abstention in this case.

Petitioner's remaining comments, complaints, or potential objections to the Report do not relate to the magistrate judge's findings or conclusions and the court rejects them. Because the court concludes that abstention under *Younger* is required, it need not address whether dismissal is warranted under Rule 41(b).

### IV. Conclusion

Having thoroughly reviewed the record and the Report, the court finds no reason to depart from the Report's recommendation that the court abstain from hearing this matter pursuant to *Younger*, as Petitioner's action essentially asks this court to interfere with ongoing state criminal proceedings. Having adopted the magistrate judge's recommendation, (ECF No. 16), the court hereby **DISMISSES** this action without prejudice and without requiring Respondent to file a return. Petitioner's motions to appoint counsel (ECF No. 21) and for a default judgment (ECF No. 23) are **DENIED** as **MOOT**.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court

are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

February 4, 2022                                     /s Timothy M. Cain
Anderson, South Carolina                          United States District Judge